MARY CAVINATO, as Administratrix, etc., of CHRISTMAS CAVINATO, Deceased, Appellant, *v.* ATTILLIO PICCIRILLI, Respondent.

First Department, November 8, 1918.

**Corporations — contracts — parol agreement with president of company to loan money to it construed — Statute of Frauds — agreement to answer for debt of company — original undertaking.**

Plaintiff alleges that her intestate, who was president of a realty corporation, and defendant made a verbal contract whereby the former agreed to " go ahead " with the erection of a building *for the company*, and to expend money thereon, and defendant agreed to reimburse him therefor over and above payments made to him by the company, and that the decedent further agreed to execute and deliver to defendant on behalf of the company a mortgage on the premises for the amount defendant was to pay. She further alleges that the decedent duly performed his part of the contract, but that defendant refused to pay the amount agreed or to accept the mortgage and demands judgment for the amount agreed to be paid by the defendant. The Statute of Frauds is pleaded as a defense. Provisions of the complaint examined and

*Held*, that the defendant's agreement was with the decedent *as president of the company* and was an agreement to loan money to it which it was to pay over to the decedent, and that the loan was to be secured by the company's mortgage. Hence, if there was a breach of the agreement on the part of the defendant, the cause of action was vested, not in the decedent, but in the company.

If there was an independent original undertaking on the part of the defendant with the plaintiff, and he made the expenditures in reliance thereon, that is not sufficiently alleged.

The verbal agreement as alleged on the part of the defendant to reimburse the decedent seems to have been an agreement to answer for the debt of the company.

APPEAL by the plaintiff, Mary Cavinato, as administratrix, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1918, granting defendant's motion for judgment on the pleadings consisting of an amended complaint and the amended answer thereto.

*Achille J. Oishei Hoschek,* for the appellant.

*Richard S. Newcombe* of counsel [*Elmer E. Wigg* with him on the brief; *Pressinger & Newcombe,* attorneys], for the respondent.

LAUGHLIN, J.:

On the complaint and answer the defendant moved for judgment on the pleadings and the motion was granted. The plaintiff alleges that her intestate, one Cavinato, was president of the Sixth Avenue and Fourth Street Realty Corporation which owned certain buildings in the borough of Manhattan, New York, which were to be torn down for the erection on the same site of a twelve-story brick and iron building; that defendant on behalf of the company and under its direction and supervision demolished the buildings; that thereafter the decedent and defendant made a verbal contract whereby the former agreed to " go ahead " with the erection of the building *for the company* and to expend money thereon and defendant agreed to reimburse him therefor over and above payments made to him by the company; that they further agreed that the company should obtain as large loans by mortgages on the premises as it could secure and turn the proceeds over to the decedent and defendant agreed to pay the difference between the amount expended by decedent and the amount received by him as the proceeds of the loans, and that the decedent, who had full authority from the company therefor, would execute and deliver to defendant on behalf of the company a mortgage on the premises for the

amount defendant was to pay; that decedent proceeded with the work and expended $97,695.61 thereon and received $40,000 from a loan obtained by the company on the premises, and $3,196.36 from the company in addition thereto and rendered a statement to defendant showing a balance of $54,499.25 owing to the decedent, payment of which he demanded of defendant, offering to execute and deliver to defendant a mortgage from the company on the premises for the amount, but that defendant refused to pay the amount or to accept the mortgage; that the decedent, owing to the defendant's breach of the contract, was unable to proceed further, but had duly performed the agreement on his part down to that time; that decedent was at all times ready, willing and able, and authorized and offered to execute to defendant the bond and mortgage of the company in accordance with the agreement but that defendant failed and refused to accept the same or to make the payment; that the company is now in effect insolvent and the premises have been sold on the foreclosure of a mortgage owned by defendant and his brother for $25,000 which defendant caused to be foreclosed in order to defeat the rights of the decedent, and that defendant purchased the premises on such sale. The complaint contains other allegations wholly irrelevant to the cause of action attempted to be pleaded. Judgment is demanded for said balance of $54,499.25, together with interest.

It is not expressly alleged that the decedent had a contract with the company for the erection of the building, but that is fairly implied, for otherwise he would have had no right to erect it and it would have been under no obligation to make the payments which it appears it did make to him. It is not alleged that defendant contracted with the company to erect the building and that he did not would seem to follow from the allegations to the effect that the decedent was to proceed with the erection of the building *for the company.* So far as appears the defendant had no interest in the erection of the building and was not a party to the contract under which it was to be erected. The verbal agreement as alleged on the part of the defendant to reimburse the decedent appears to have been an agreement to answer for the debt of the company. The Statute of Frauds is pleaded as a defense.

The defendant's agreement with the decedent, as pleaded, was not an original undertaking, for it is not alleged that the defendant was interested in the construction of the building or in the company or that the decedent would not have made the expenditures but for the defendant's agreement to reimburse him. On the theory of a personal agreement between the defendant and the decedent, therefore, it would be within the Statute of Frauds.

The reasonable construction of the allegations of the complaint is, however, that the defendant's agreement was with the decedent *as president of the company* and was an agreement to loan money to it which it was to pay over to the decedent and that the loan was to be secured by the company's mortgage or by its bond and mortgage. The company, not the decedent, was to give the security and become liable to defendant for the repayment of the money. If there was a breach of the agreement on the part of the defendant, the cause of action was, therefore, vested, not in the decedent, but in the company. If there was an independent original undertaking on the part of the defendant with the plaintiff and he made the expenditures in reliance thereon, that is not sufficiently alleged.

It follows, therefore, that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., SMITH, SHEARN and MERRELL, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.